989 So.2d 1206 (2008)
William DeROSA, Appellant,
v.
Guy M. TUNNEL, Commissioner, Florida Department of Law Enforcement, Appellee.
No. 4D07-133.
District Court of Appeal of Florida, Fourth District.
August 13, 2008.
*1207 Cindy E. D'Agostino and Barbara J. Scheffer, Palm Beach Gardens, for appellant.
Fern Rosenwasser, Tallahassee, and Jacqueline M. Boswell, Miami, for appellee.

ON MOTION FOR REHEARING, CLARIFICATION, AND A WRITTEN OPINION, AND/OR VERIFICATION AND/OR REHEARING EN BANC
PER CURIAM.
We grant appellant's motion for a written opinion and consequently withdraw our per curiam affirmance entered December 5, 2007. We hold in this opinion that the trial court did not err in denying appellant's petition for relief from sexual offender registration and affirm.
In 1999 appellant entered a plea to two counts of lewd and lascivious conduct in violation of section 800.04(4) and was sentenced to 2 years of community control and 8 years of probation, with formal adjudication of conviction being withheld. On the day of his conviction, section 943.0435(11) required all persons convicted of offenses under section 800.04(4) to register as a sexual offender "unless the sexual offender has had [e.s.] his or her civil rights restored."[1] The statute allowed an offender who has been released from the sanction imposed at sentencing and has been without further arrests for a period of 20 years to petition the court to remove the registration requirement. The statute specifically made clear that a "conviction" under its terms included "adjudication withheld" dispositions after a plea.[2]
Appellant argues that when he was sentenced in 1999 he had a vested right to relief from the registration. He claims that because adjudication was withheld he never suffered any loss of his civil rights. As he never lost his civil rights, he argues, he should be treated like the offender who *1208 "has had [e.s.] his ... civil rights restored." He is mistaken.
As we have just shown, when appellant was sentenced in 1999 the right under section 943.0435(11) to be relieved of registration specified that it accrued only when the offender "has had his civil rights restored." As written, the statute requires first that the offender had previously lost his civil rights and then later had them restored. Nothing in the statute by express terms exempts from the registration requirement a convicted offender who did not lose his civil rights by virtue of the adjudication withheld conviction. The statute nevertheless plainly requires registration for offenders who suffer no adjudication and thus no consequent loss of civil rights.
The Legislators obviously recognized that there would be no loss of civil rights for those whose adjudication was withheld, but still they required that such offenders register as sexual offenders. They conspicuously omitted any provision for automatic relief from registration, as they had given those who had achieved a formal pardon. Instead the statute requires that the adjudication withheld offenders live without blemish of even an arrest for a specified term before they can petition a court to relieve them of the registration requirement.
In 1998 when the Legislature enacted section 943.0435, pardons and a restoration of civil rights for convicted sexual offenders were hardly routine. Those who earned a pardon and a restoration of civil rights had demonstrated to the responsible government officials that they had earned it through merit and exemplary conduct. On the other hand, adjudications withheld are not unusual for first offenders and youthful defendants, and there are many such dispositions. The Legislature apparently concluded that the exemplary conduct of those who earn a pardon is reason enough to terminate sexual offender registration automatically. On the other hand, for those with an adjudication withheld and their civil rights continuously intact, the offender would be required to demonstrate a specific period of good behavior to a Judge to have registration terminated. We conclude that, with rational basis and purpose, this plain meaning of section 943.0435 intentionally treats the two classes of offenders differently.
Affirmed.
SHAHOOD, C.J., TAYLOR, J., and LEVIN, STEVEN J., Associate Judge, concur.
NOTES
[1] See Ch. 98-81, § 7, Laws of Fla.
[2] See § 943.0435(1)(b), Fla. Stat. (1999) ("Convicted" means the person has been determined guilty as a result of a plea or a trial, regardless of whether adjudication is withheld).